# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH F. CACCIOLA, JR.,<br><br>                                Plaintiff,<br>   vs.<br><br>HELGREN'S OCEANSIDE<br>SPORTFISHING TRIPS, INC.,<br><br>                                Defendant. | CASE NO. 15cv2141-LAB (JMA)<br><br>**ORDER DENYING *EX PARTE* APPLICATION FOR TEMPORARY RESTRAINING ORDER; AND**<br><br>**ORDER REQUIRING SERVICE AND BRIEFING** |

On September 25, 2015, Plaintiff filed his verified complaint, bringing contract claims in admiralty. On the same day, he also filed an *ex parte* application for a temporary restraining order. The application makes clear Defendant had not yet been served, although Plaintiff intended to do so immediately.

The complaint and application show that the underlying contract dispute has been ongoing for some time, and was being litigated in state court. The complaint says Plaintiff filed suit in state court on September 14 seeking essentially the same relief as in this case, but "[g]iven that the matter will be heard in Federal Court, the state court case is being dismissed." (Compl., ¶ 28.)

TROs are for emergencies only, and a party must clear a high hurdle before one is granted. *See Granny Goose Foods, Inc. v. Brotherhood of Teamsters*, 415 U.S. 423, 438 (1974). *See also* Fed. R. Civ. P. 65(b)(1)(A) (movant must "sho that immediate and

irreparable injury, loss, or damages will result to the movant before the adverse party can be heard in opposition").

A delay in seeking relief weighs against its being found to be a true emergency. The Ninth Circuit has held that delays in seeking relief should be considered when determining whether preliminary injunctive relief should be granted. *See Miller ex rel. NLRB v. Cal. Pac. Med. Ctr.*, 991 F.2d 536, 544 (9th Cir. 1993) ("Plaintiff's long delay before seeking a preliminary injunction implies a lack of urgency and irreparable harm.") (internal quotation marks and citation omitted); *Lydo Enterprises v. City of Las Vegas*, 745 F.2d 1211, 1213 (9th Cir.1984) ("A delay in seeking a preliminary injunction is a factor to be considered in weighing the propriety of relief.")  The fact that Plaintiff waited until quite late to file the application weighs against its being granted *ex parte*.

What is more, it is unclear whether the state court is still adjudicating Plaintiff's claims. It may be that that court is in a position to offer Plaintiff temporary protection. And finally, Plaintiff has not shown that other comparable docking facilities are unavailable to him. If they are, it would seem Plaintiff is not facing irreparable injury.

The Court will therefore not grant the temporary restraining order *ex parte*. Instead, Plaintiff must either file a renewed motion for preliminary injunctive relief or file a supplemental memorandum of points and authorities, not longer than five pages. Whichever he chooses to file must show why relief is unavailable in state court, give the status of any state court proceedings, and explain whether any comparable docking facilities are available to him.  He must also serve Defendant with process, and also with a copy of this order, and file proof of service.

**Within seven calendar days of the date proof of service is filed**, Defendant shall file a response, not to exceed fifteen pages (not counting any appended or lodged material)
/ / /
/ / /
/ / /
/ / /

showing why preliminary injunctive relief should not be granted. The Court will then set a hearing if appropriate.

**IT IS SO ORDERED**.

DATED: September 28, 2015

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge